UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JACK GURIAN,

                         Plaintiff(s),

   v.

ATRIA MANAGEMENT COMPANY, LLC,
et al.,

                       Defendant(s).

Case No. 2:17-CV-653 JCM (CWH)

ORDER

Presently before the court is plaintiff Jack Gurian's motion to remand this case to state court. (ECF No. 8). Defendant Ventas, Inc. ("Ventas") filed a response (ECF No. 16), to which defendant Atria Management Company, LLC ("Atria") joined after the response deadline had elapsed (ECF No. 20). Plaintiff filed a reply. (ECF No. 27). Magistrate Judge Hoffman granted Ventas's motion for leave to file a surreply (ECF No. 30), and Ventas has submitted that document (ECF No. 32).

The court is aware that after most of the briefing for the present motion had been submitted, plaintiff voluntarily dismissed Ventas from the present case. *See* (ECF No. 26). Yet the Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined *solely* on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (emphasis added).

Furthermore, Ventas—the removing defendant—had not filed a motion for summary judgment before removing the case, so plaintiff's reference to the holding in *Russell v. Security Credit Services* in support of its argument for remand after voluntary dismissal of the removing

defendant is unpersuasive. No. CV-12-0514-JLQ, 2012 WL 5463213, at *3 (E.D. Wash. Nov. 8, 2012) (acknowledging that "[m]erely voluntarily dismissing the removing defendant would not, in most circumstances, justify remand to state court."); *see also* (ECF No. 33). Thus, plaintiff's voluntary dismissal of Ventas does not automatically resolve the present issue.

Moreover, the court is similarly cognizant that plaintiff filed a notice containing an exhibit including a second amended complaint that retained only Atria as a named defendant. (ECF No. 26). However, plaintiff was explicit that the second amended complaint was filed in state court only. (*Id.*). Therefore, the first amended complaint remains the operative complaint in this case.

## I.    Introduction

In 2014, the removed case began in state court against Atria. (ECF No. 1). The original complaint filed in state court involves state law claims that Atria breached its duty to protect plaintiff from an individual, Khang Dang, who unlawfully took over $250,000 of plaintiff's money after the Las Vegas Metropolitan Police Department expressed its concern about Dang to Atria's management.[1] (ECF No. 1-2).

On January 23, 2017, plaintiff filed his first amended complaint in state court. The amended complaint included Ventas as a defendant and added a negligence *per se* claim against both defendants for violation of Nevada Revised Statute ("NRS") § 41.1395, which involves conduct towards elderly individuals. (ECF No. 1-4). Ventas was served with this complaint on February 7, 2017. (ECF No. 1).

On February 27, 2017, Ventas filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction in state court. (ECF No. 1-9). On February 28, 2017, that defendant also filed a motion to continue the state trial, which was set for March 20, 2017. (ECF Nos. 8, 16).

On March 3, 2017, Ventas filed the petition for removal. (ECF No. 1).

On March 6, 2017, plaintiff filed the instant motion to remand. (ECF No. 8). First, plaintiff argues that the notice of removal is untimely because it was filed over a year after the case's

---

[1] The second amended complaint, filed in state court, suggests that Dang was sentenced to a 48-month custody term in relation to his interactions with Atria's residents. (ECF No. 1-4).

**James C. Mahan**
**U.S. District Judge**

inception and that Ventas knew it would be joined in the litigation over two months before it filed notice. (*Id.*).

Next, plaintiff contests that Ventas waived its right of removal both when it failed to challenge personal jurisdiction in its answer and filed a motion in state court to continue trial that informed the state court that Ventas needed months to prepare for trial. (*Id.*).

Finally, plaintiff argues that the notice of removal violates Federal Rule of Civil Procedure 11 and Nevada ethical rules because the notice is frivolous and Ventas's counsel failed to provide the court with relevant information regarding the case. (*Id.*). Specifically, plaintiff contends that Ventas's counsel did not disclose that trial in state court was set for March 20, 2017, and that a hearing was scheduled for March 9, 2017, regarding possible sanctions against Ventas for failure to comply with a previous order. (*Id.*).

Consequently, plaintiff requests that this court award plaintiff attorneys fees and costs resulting from its pursuit of remand. (*Id.*).

Ventas responded by arguing that plaintiff's first argument is incorrect both because the removal was timely through its "later-served defendant" status as provided by 28 U.S.C. § 1446(b)(2)(C) and because its actions in state court were defensive and did not address the merits of the case. (ECF No. 16). Indeed, Ventas suggests these defensive filings were necessary because it had been added to "years-long pending litigation 41 days before trial." (*Id.* at 3).

Furthermore, Ventas posits that its removal was proper and that plaintiff has failed to satisfy rule 11(c)(2)'s procedure for requesting sanctions. (*Id.*).

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 988 (D. Nev.

2005).  Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence." *Knutson*, 358 F. Supp. 2d at 988 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus*, 980 F.2d at 567).

An action filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  This court has original subject matter jurisdiction over two types of cases.  First, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Second, pursuant to its diversity jurisdiction, the court may preside over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  The citizenship requirement for subject matter jurisdiction based on diversity of parties is determined "as of the time the lawsuit is filed." *See Lew*, 797 F.2d at 750; *Carter v. McConnel*, 576 F. Supp. 556, 557 (D. Nev. 1983).

### III.  Discussion

#### a.  Diversity jurisdiction

"Regrettably, questions of time, cost, and efficiency do not undergird jurisdiction. Nor is jurisdiction a question of equity—a court lacking jurisdiction to hear a case may not reach the merits even if acting 'in the interest of justice.'" *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988)).

In its notice of removal, Ventas asserted that the defendants are diverse from the plaintiff, stating that plaintiff is a Nevada resident and citizen and that, for the purposes of jurisdiction, both Atria and Ventas are Delaware and Kentucky citizens. (ECF No. 1). The notice of removal further indicates that "Gurian's claims involve the theft or misappropriation of more than $250,000 of his money." (ECF No. 1 at 2). Therefore, the amount in controversy requirement is also satisfied, so diversity jurisdiction exists. 28 U.S.C. § 1332(a).

### b. Ability to remove the case

#### 1. 28 U.S.C. § 1446

Here, the first prong of plaintiff's attack on the removal timing is that the one-year bar of 28 U.S.C. § 1446(c) prevents a defendant added later in an action from removing the case on diversity grounds. (ECF No. 8). However, this court agrees with Ventas that § 1446(c) is not the governing statute for Ventas's removal because the original complaint indicated a removable action through its allegations against Atria—a diverse party—with respect to plaintiff's loss of $250,000. *See* 28 U.S.C. §§ 1332; 1446(b) *see also* (ECF No. 1-2).

Accordingly, § 1446(c)'s one-year rule is not at issue because § 1446(b)(3), which provides for removal when a matter could not have initially been removed, cannot apply here. *See* 28 U.S.C. § 1446(c) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ."). Similarly, plaintiff's citation to *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, is unpersuasive because the original case there was not initially removable, unlike here. *See* No. 2:12-CV-01454-RCJ, 2013 WL 1007711, at *2 (D. Nev. Mar. 12, 2013).

Ventas contests, and the court agrees, that § 1446(b)(2)(C), which provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal," applies here.[2] (ECF No. 16).

Finally, although interpreting a prior version of § 1446, the Ninth Circuit in *Destfino v. Reiswig* expressed its preference that later-served defendants enjoy an opportunity to exercise their

---

[2] The court further holds that 28 U.S.C. §§ 1446(b)(1) and (b)(2)(B) also apply in this case.

statutory removal rights.  630 F.3d 952, 955–56 (9th Cir. 2011).  Indeed, "[a] contrary rule could deprive some defendants of their right to a federal forum because they were served too late to exercise that right, and encourage plaintiffs to engage in unfair manipulation by delaying service on defendants most likely to remove." *Id.*  Thus, Ventas's removal is not barred by statute.

### 2. Waiver

Next, plaintiff asserts that Ventas's actions in state court illustrate its waiver of the removal right.  (ECF No. 8).

"A waiver of the right of removal must be clear and unequivocal." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)).  Typically, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (quoting *Beighley*, 868 F.2d at 782).  If a defendant acts in state court by "tak[ing] necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove." *Id.*

Ventas was served with the first amended complaint on February 7, 2017.  (ECF Nos. 1-4, 16).  Although Atria submitted a "joint answer" on the same day, Ventas argues that counsel for Atria "did not represent Ventas and did not have authority to file any response to the First Amended Complaint on Ventas's behalf." (ECF No. 16 at 4).  Plaintiff has failed to provide non-conclusory reasons why the court should not be persuaded by this characterization of Ventas's relationship to Atria's counsel.

Ventas indicates that it hired counsel with only a narrow window remaining for counsel to file a timely answer or motion in response to the amended complaint.  (ECF No. 16).  Therefore, the court assesses whether Ventas's motion to dismiss constitutes waiver of removal.

When considering if the filing of a motion to dismiss sufficiently invokes the jurisdiction of the state court so as to waive removal, a district court must "determine . . . whether the motion to dismiss either addresses the merits of the complaint or seeks an adjudication of the complaint on the merits." *McGee & McGee Wine Merchants, LLC v. Jam Cellars, Inc.*, No. 3:16-CV-0240-

LRH-WGC, 2016 WL 2943814, at *3 (D. Nev. May 20, 2016) (citing *PR Group, LLC v. Windmill International, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015)).

Upon review of the motion to dismiss that Ventas filed in state court, that motion did not waive its removal right. Ventas's motion was based entirely on arguments of general and specific jurisdiction instead of the merits on the case and therefore did not sufficiently invoke state-court jurisdiction to permit waiver. (ECF No. 1-9); *see also Resolution Trust Corp.*, 43 F.3d at 1240 (positing that a party acting to "preserv[e] the *status quo* pending removal" does not waive its ability to remove the case).

Additionally, Ventas did not waive removal by filing a notice to continue the state court trial. It is difficult to see how, in this case, defendant's counsel would be prepared for a trial occurring within 41 days after its entry into the present action. *See* (ECF No. 16).

A case may be removed even during state trial proceedings, but the removing party is generally required to take "prompt action" in that circumstance. *Hazelwood v. A.W. Chesterton Co.*, No. C 12-1313 CW, 2012 WL 2344103, at *3 (N.D. Cal. June 20, 2012) (quoting *Barabin v. Albany Int'l Corp.*, 2007 U.S. Dist. LEXIS 94637, at *6, 2007 WL 4376181 (W.D. Wash. Dec. 12, 2007)).

The motion to continue the trial was filed one day after Ventas's attorneys appeared in court. (ECF No. 16). Ventas's response is unclear as to whether it intended to remove the case before it filed the motion to continue. (*Id.*) ("Shortly after engaging counsel, Ventas determined that the instant lawsuit was removable . . . . Ventas began preparing removal papers immediately after filing its February 28, 2017 Motion to Continue. Ventas's counsel began obtaining the necessary documents no later than March 1, 2017."). However, Ventas certainly avoided the wasteful circumstance of removing the case during—or on the eve of—trial.

Thus, Ventas acted with sufficient diligence and proper purpose as to its motions submitted in state court to avoid waiving its removal right.

### c.  *Plaintiff's requested sanctions*

Plaintiff's invocation of Federal Rule of Civil Procedure 11 is unpersuasive not only because plaintiff's motion is without merit but also because rule 11(c)(2) requires a request for

sanctions to be made in a separate filing.  As discussed above, Ventas's removal of the case was proper; thus, plaintiff's allegations that the Nevada Rules of Professional Conduct have been violated and that 28 U.S.C. § 1447(c) requires the payment of attorneys' fees and costs are similarly without merit.  *See* (ECF No. 8).

**IV.     Conclusion**

Although plaintiff voluntarily dismissed Ventas, that defendant's removal from state court was valid, and this court will exercise diversity jurisdiction over the present case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand the instant case to state court (ECF No. 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, because plaintiff voluntarily dismissed defendant Ventas (ECF No. 26), Ventas's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to expedite relief as to the motion to remand (ECF No. 39) be, and the same hereby is, DENIED as moot.

DATED May 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge