# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACK GURIAN, | ) |
| Plaintiff, | ) Case No. 2:17-cv-00653-JCM-CWH |
| vs. | ) **ORDER** |
| ATRIA MANAGEMENT COMPANY, LLC, | ) |
| Defendant. | ) |

Presently before the court is Defendant Atria Management Company's ("Atria") Rule 12(f) Motion to Strike Second Amended Complaint (ECF No. 34), filed on April 14, 2017. Plaintiff Jack Gurian filed a response (ECF No. 36) on April 28, 2017. Defendant filed a reply (ECF No. 38) on May 5, 2017.

This case arises out of a dispute regarding whether Atria breached its duty to protect Plaintiff, a resident in an assisted-living facility managed by Atria, from an individual who unlawfully took over $250,000 of Plaintiff's savings. (*See* Pl.'s First Am. Compl. (ECF No. 1-4).) Plaintiff commenced the case in Nevada state court in July 2014. (Pl.'s Compl. (ECF No. 1-2).) After approximately two and a half years of litigation in state court, in January 2017, Plaintiff filed a first amended complaint in state court that added Defendant Ventas, Inc. ("Ventas") as a party. (Pl.'s First Am. Compl. (ECF No. 1-4) at 5-6.)

Ventas removed the case to this court on March 3, 2017. (Notice of Removal (ECF No. 1).) Plaintiff moved to remand. (Mot. to Remand (ECF No. 8).) Plaintiff subsequently filed a notice (1) voluntarily dismissing Ventas from the case, (2) stating that he had filed a second amended complaint in state court in which Atria was the only remaining defendant, and (3) reiterating his request that the case be remanded to state court. (Notice (ECF No. 26).) A copy of the second

amended complaint bearing a state court caption is attached to the notice. (*Id.* at Ex. 1.)

Atria now moves to strike the second amended complaint, arguing that Rule 15 of the Federal Rules of Civil Procedure does not allow Plaintiff to amend as a matter of course given the case's procedural posture. Atria further argues it was improper for Plaintiff to file the second amended complaint in state court after removal. Plaintiff responds that he filed the second amended complaint in state court because he did not want to concede that this court had jurisdiction over the case. Plaintiff further responds that the motion to strike is a tactical attempt to keep the case in this court when it belongs in state court. Plaintiff also argues that its first amended complaint and second amended complaint are identical, except for the omission of Ventas as a party in the second amended complaint. Thus, Plaintiff contends that even if the court strikes his second amended complaint, the allegations against Atria remain unchanged.

After Atria moved to strike the second amended complaint, the United States district judge assigned to this case denied the motion to remand. (Order (ECF No. 41).) In denying the motion to remand, the court determined that the first amended complaint remains the operative complaint in this case given Plaintiff's explicit representations that the second amended complaint was filed only in state court. (*Id.* at 2.) Given this determination, it appears that the motion to strike is moot.

IT IS THEREFORE ORDERED that Defendant Atria Management Company's Rule 12(f) Motion to Strike Second Amended Complaint is DENIED as moot.

DATED: May 23, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**